The defendants sued Mary Massingale, formerly Mary M'Corcle, and Henry Massingale and John M'Corcle executors of Samuel M'Corcle, deceased, for a debt due from the testator. The defendants prayed oyer of the writ, and of the writing on which the action was founded, and demurred, setting out the causes of demurrer. One of them was, that the intermarriage of the feme with Massingale is not stated in the declaration; nor by what means Massingale became executor; joinder in demurrer, and notice of set-off. March term, 1814. the plaintiff had leave to suggest the death of John M'Corcle. March term, 1816, the death of Mary M'Corcle is suggested by the Plaintiff. In September, 1816, a verdict was found for the plaintiff below, a motion in arrest of judgment overruled, and judgment given against Massingale to be levied of the goods of the testator if in the hands of the executor to be administered, and, if not, then of the proper goods of the defendant. Massingale appealed to this court, and he assigned for error that judgment is given against him as surviving executor, when he never was executor only in right of his wife Mary, who died before the verdict and judgment; secondly, before the trial and judgment John M'Corcle died, and also the said Mary, they being the only executors of Samuel M'Corcle. He also assigned for error a divorce by Act of 1811, passed the 17th of October, whereby he was absolved, c. *Page 37 
The judgment entered against the defendant, as executor, is incorrect; for it ought to be as to the principal sum de bonistestatoris, otherwise he would be made liable de bonispropriis for goods or assets destroyed by death, floods, lightning, or other accidents not under his control, after judgment and before satisfaction of the execution. As suppose he has deposited the money of the testator in the bank; on the day after the judgment the bank fails, or is ruined by burning of the banking house, and all the effects belonging to it; he could have an opportunity to show this on the sci. fa. to subject him de bonis propriis,
but not if the judgment be entered immediately de bondspropriis. If there be an error in the record, though not assigned, the Court will correct it and not affirm the judgment, seeing the error that is in it, merely because it has not been pointed out in the assignment of errors. That is the case here. The judgment ought not to be de bonis propriis; it is not assigned, but the Court sees it.
Judgment accordingly.